IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LOUIS HERMANN and
KAREN ELAINE HERMANN,

                         Plaintiffs,

   v.

STATE OF WISCONSIN, DUNN COUNTY, MEGAN
MITTLESTAD, NICHOLAS P. LANGE, DENNIS P.
SMITH, DUNN COUNTY SHERIFF'S OFFICE,
PLANNING, RESOURCES AND DEVELOPMENT
COMMITTEE, and DOES 1 THROUGH 10,

                         Defendants.

OPINION & ORDER

17-cv-60-jdp

---

Timothy Louis Hermann and Karen Elaine Hermann, who reside in Otter Creek, Wisconsin, bring this lawsuit alleging that various Dunn County officials conspired to wrongfully foreclose on their home and then rejected their offer to buy the real estate back.

The Hermanns have paid the full filing fee for this action, and therefore the complaint does not have to be screened under the *in forma pauperis* statue, 28 U.S.C. § 1915. But this court has the inherent authority to screen the case on its own. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). I directed the Hermanns to hold off on serving any of the defendants until I completed review of the complaint.

In reviewing the complaint, I must construe the Hermanns' pro se pleading generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint, I

will allow plaintiffs to serve the defendants they have properly identified. But I will dismiss the John Doe defendants because the Hermanns do not state any claims for relief against them. I will also address other issues raised by the Hermanns' submissions thus far.

ALLEGATIONS OF FACT

Plaintiffs explain that they owned a parcel of land in Otter Creek, Wisconsin, but that "defendants" (who are identified in the complaint as the state of Wisconsin, Dunn County, the Dunn County Sheriff's Office, Sherriff Dennis P. Smith, county treasurer Megan Mittlestad, corporation counsel Nicholas P. Lange, and the Dunn County "Planning, Resources, and Development Committee," and "Does 1 through 10") initiated foreclosure proceedings against them because they failed to stay current on their taxes. Although plaintiffs do not mention the case number for this action, they say that a "tax judgment" was issued against them on September 16, 2013. Electronic state court records show that which corresponds to the judgment in Dunn County case no. 2013CV20, which appears to have been an *in rem* tax foreclosure lawsuit under Wis. Stat. § 75.521.

Plaintiffs were later removed from their home pursuant to what they call a "false order to vacate" on December 12, 2016. This order corresponds to a default judgment entered in Dunn County case no. 2016CV210. The sheriff (who I take to be defendant Smith) left a "notice to vacate" at plaintiffs' door on December 16. The notice gave them 10 days to vacate.

Plaintiffs met with defendant Lange and stated that they were willing to pay off their taxes. Neither Lange nor Mittlestad would accept the payment. But Lange said that plaintiffs could possibly repurchase the land and that he would direct their request to the county

2

Planning, Resources, and Development Committee. The committee would not meet until January 10, so Lange said that plaintiffs would still need to vacate the property, which they did. The committee ultimately did not agree to plaintiffs' offer to repurchase the land.

## ANALYSIS

First, I will clarify the plaintiffs' status in this lawsuit. Although the Hermanns name themselves as plaintiffs in the caption of their complaint, they also include "timothy louis hermann" and "karen elaine hermann" in the caption as "private American nationals" who are "3rd Party Interveners," Dkt. 1, at 1. The first heading in plaintiffs' complaint is "Motion to Intervene." *Id*. Judging from this and the contents of the complaint, the Hermanns appear to be ascribing legal significance to the all-lowercase spelling of their names and their status as interveners. But to be clear, there is none. I do not include their lowercase names or their purported intervener status in the caption, and they should not include that language in their future submissions. They are the plaintiffs in this lawsuit because they are the ones who initiated this suit seeking redress.

Similarly, at the outset of their complaint they state the following:

> Comes now, the grantee/beneficiary/heirs to the trust, timothy louis and karen elaine of the house of Hermann, 3rd party Interveners for the Plaintiffs, hereinafter "Petitioners", both being righteous freeholders on the land, non-statutory, non-commercialized, private American nationals of the union states of America, privately residing and privately domiciling within a non-military occupied private estate, not subject to the jurisdiction of the UNITED STATES or any of its political subdivisions including federal, state or municipal jurisdictions and hereby moves the court in regards to the real land known as: [the description of their foreclosed-upon property].

*Id*. at 1-2. The complaint is larded with descriptions of frivolous "sovereign citizen"-type theories of government illegitimacy. *See, e.g.*, *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (argument that individual is sovereign citizen of state who is not subject to jurisdiction of United States and not subject to federal taxing authority is "shopworn" and frivolous); *Bechard v. Rios*, No. 14-CV-867-WMC, 2014 WL 7366226, at *1 (W.D. Wis. Dec. 24, 2014) (case dismissed where plaintiff "maintain[ed] that the social security number that issued along with his birth certificate . . . is really an identification number for a German-owned insurance policy."). Plaintiffs should be aware that none of these theories support any viable claims, and should not be included in their future submissions. The real question is whether the *facts* plaintiffs allege will support any claims.

One of the major thrusts of the complaint seems to be the Hermanns' belief that the foreclosure and eviction orders issued by the Dunn County court are void. To the extent that any of their constitutional, Fair Debt Collection Practices Act, conspiracy, or fraud claims depend on the validity of the state court judgments, those claims likely will end up being dismissed under the *Rooker-Feldman* doctrine, which "essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims that are 'inextricably intertwined' with state court determinations." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). The doctrine "is based upon recognition of the fact that inferior federal courts generally do not have the power to exercise appellate review over state court decisions." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). If the Hermanns believe that the state court did not act properly, their recourse is in the state appellate system, not in the federal district court. But plaintiffs' complaint is

relatively vague regarding the actions they believe violated their rights, and the electronically available court records are not detailed enough for me to conclusively rule on any of plaintiffs' claims *sua sponte* at this point in the proceedings. The Hermanns may now serve their summonses on defendants.

The Hermanns do not limit their claims to the fact of their foreclosure. They also take issue with the manner in which they were forced to leave their home, and later conduct by county officials in negotiating a possible resale. In particular, plaintiffs say that the notice to vacate within ten days "in the middle of winter" was cruel and unusual punishment under the Eighth Amendment. But because the Hermanns' eviction was not the result of criminal proceedings against them, the Eighth Amendment does not apply to them. Nonetheless, pro se plaintiffs are not required to plead legal theories, and it is possible that their claims could fall within a Fourth Amendment theory for unreasonable seizure. So I will not dismiss this claim.

I will dismiss the Hermanns' claims against the ten "John Doe" defendants they name in their complaint. Short of their inclusion in the list of defendants involved in a conspiracy, the complaint does not contain any explanation of what any of the Doe defendants did to harm plaintiffs, or even what job any of these people held. The Hermanns are free to amend their complaint to include allegations against each of these defendants, but for now they are dismissed. Accordingly, I will deny plaintiffs' motion for issuance of summons for each of the Doe defendants.

Finally, the Hermanns have registered on the courts electronic filing system, and have filed ex parte and under seal a document titled "Declaration of Ex Parte Emergency and Order." Dkt. 6. But nothing in this filing justifies its ex parte, sealed designation. Perhaps

plaintiffs mean to be seeking a temporary restraining order against government officials involved in their eviction or the sale of the real estate at issue here, but as stated above, it is extremely unlikely that I would issue an order conflicting with orders already issued by the state courts, and I certainly would not do so without hearing from defendants. If plaintiffs seek some remedy from the state court's decisions, they should seek that in the state court system. Plaintiffs also ask for an order to serve the summons they have already been issued. As stated above, this order grants that request.

      I will direct the clerk of court to unseal this submission. Plaintiffs should be aware that the court seals documents only in circumstances in which a party can show that there is an exceptional reason to keep sealed portions of the court's docket, which is usually presumed to be public record. Ex parte filings are also disfavored because each party to a lawsuit usually deserves to know what the other parties are filing in a lawsuit. In the future, if plaintiffs intend to file something ex parte or under seal, they should include a motion in which they explain why they believe it is necessary to keep the filing confidential.

ORDER

IT IS ORDERED that:

1. Plaintiffs Timothy Louis Hermann and Karen Elaine Hermann are directed to serve on each of the defendants the summonses they were previously issued.

2. The John Doe defendants are DISMISSED from this lawsuit.

3. Plaintiffs' motion for issuance of summonses for the Doe defendants, Dkt. 3, is DENIED.

4. The clerk of court is directed to unseal Dkt. 6.

Entered February 2, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge