IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LOUIS HERMANN and
KAREN ELAINE HERMANN,

                             Plaintiffs,                             ORDER

    v.

                                                             17-cv-60-jdp

DUNN COUNTY and DENNIS P. SMITH,

                             Defendants.

---

Pro se plaintiffs Timothy Louis Hermann and Karen Elaine Hermann bring this lawsuit alleging that defendant Dunn County Sheriff Dennis Smith violated their rights when he removed them from their home following foreclosure proceedings and that defendant Dunn County discriminated against them in its decision to reject their proposed tax foreclosure repurchase agreement. Defendants have filed a motion to compel discovery, stating that the Hermanns have provided incomplete, evasive answers to some of their requests. Dkt. 56.

More specifically, the Hermanns responded to several of defendants' interrogatories asking for the Hermanns' basis for stating that defendant Smith falsely arrested Timothy and used excessive force, by referring defendants "to the case file and Amended Complaint." *See* Dkt. 58-3. They responded in a similar way in response to interrogatories asking them to identify the policies or procedures they believe caused Dunn County to discriminate against them. Finally, in response to defendants requests for production of documents, the Hermanns stated, "Please refer to all documents in the case file including all the documents the defendants and the law firm have and the information submitted in this interrogatory." *Id*.

Defendants say that they wrote to the Hermanns on December 27, 2017, explaining the deficiencies with their responses. The Hermanns say they did not receive that letter, but

now they contend that their responses were appropriate anyway. They say that "[t]he defense attorneys have access to the case file and the amended complaint. It is not the Plaintiff's responsibility to be a reference librarian/clerk to the case file." Dkt. 60, at 2. They also say that they "are not bound just by Rules 33 & 34 but also to equity, Constitutional, and God's law/Natural law." Dkt. 60, at 2. They do not explain why any of these sources of law would allow them to stonewall defendants on their reasonable discovery requests, other than to reiterate that defendants should refer to the "case file" and the amended complaint.

The Hermanns misunderstand their burden in the discovery phase of this litigation. After plaintiffs file a lawsuit, they must explain to the defendants in detail why they believe that defendants have violated their rights, and provide access to documents they intend to use to prove those violations. Blanket references to the case file or amended complaint are not close to sufficient, particularly here, where the documents that have been filed thus far, including the amended complaint, do not explain in detail exactly why the Hermanns believe that defendants violated their rights. The Hermanns need to answer defendants' questions aimed at understanding the Hermanns' version of events surrounding their eviction by defendant Smith, and their theory for why the county turned down their bid to buy the property back. They also need to share the documents they will use to support their case.

I will grant defendants' motion to compel and give the Hermanns a short time to provide more complete, detailed answers to the interrogatories and requests for production of documents. The Hermanns are indeed bound by Rules 33 and 34 as well as the rest of the discovery rules. In particular, they need to answer the interrogatories under oath. And even if some of the records supporting their case are already in the court record, they need to explain

2

to defendants which of those documents answer each numbered request, rather than just citing generally to the case file.

Defendants move for attorney fees spent on litigating the motion. Because I cannot confirm on the record currently before me whether the Hermanns actually received the December 27 letter, and because the Hermanns are litigating this case pro se, I will deny this request for fees. But if the Hermanns continue to drag their feet in responding to these requests and defendants are forced to file another motion, I will award fees to defendants.

The Hermanns also object to defendants amending their answer to allege that Dunn County is not a municipal corporation under Wisconsin law. I gave the Hermanns a chance to amend their complaint even after defendants filed a motion to dismiss it, and it would be unfair to deny defendants an opportunity to make a revision of their own pleading. So I will deny the Hermanns' request that I strike the amended answer.

Finally, the Hermanns ask for an order to compel settlement of this case. Perhaps the parties will see an opening for productive discussions once the Hermanns provide defendants with more information about their version of the events at issue. But I cannot force the parties to settle the case.

ORDER

IT IS ORDERED that:

1. Defendants' motion to compel discovery, Dkt. 56, is GRANTED. Plaintiffs Timothy Louis Hermann and Karen Elaine Hermann may have until March 27, 2018, to file responses to defendants' discovery requests that comply with the Federal Rules of Civil Procedure.

2. Plaintiffs' motion to strike defendants' amended answer, Dkt. 65, is DENIED.

3. Plaintiffs' motion for an order forcing the parties to settle the case, Dkt. 60, is DENIED.

Entered March 6, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge