IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY LOUIS HERMANN and
KAREN ELAINE HERMANN,

                Plaintiffs,                          ORDER

    v.

                                                17-cv-60-jdp

DUNN COUNTY and DENNIS P. SMITH,

                Defendants.

---

       Pro se plaintiffs Timothy Louis Hermann and Karen Elaine Hermann bring this lawsuit alleging that defendant Dunn County Sheriff Dennis Smith violated their rights when he removed them from their home following foreclosure proceedings and that defendant Dunn County discriminated against them in its decision to reject their proposed tax foreclosure repurchase agreement. Defendants filed a motion to compel discovery, stating that the Hermanns provided incomplete, evasive answers to some of their requests. Dkt. 56. I granted that motion, denied defendants' request for expenses, and warned the Hermanns that I would award expenses if defendants were forced to file more motions to compel. *See* Dkt. 66.

       Now defendants have filed another motion to compel. Dkt. 69. Defendants state that the Hermanns' supplemental interrogatory responses remain incomplete, but they will obtain more complete responses through depositions, so they will not press that issue. But defendants move to compel adequate responses to their request for production of documents. For most of those responses, the Hermanns state:

> Please refer to the AMENDED CIVIL COMPLAINT and PLAINTIFFS' 2ND RESPONSE TO THE DEFENDANTS FIRST SET OF WRITTEN INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS and PLAINTIFFS' REBUTTAL TO THE DEFENDANTS' ALLEGED

> ANSWER & AFFIRMATIVE DEFENSES and PROOF OF SERVICE. See complete docket list from clerk of court on Plaintiffs' filings.

Dkt. 67, at 5-7.

The Hermanns' responses are inadequate. As I stated in the previous order, they must provide defendants with access to documents they intend to use to prove their claims; they cannot respond by making blanket references to the case file. They must either provide copies of the requested documents, state that they will allow defendant to inspect the requested documents, explain that they do not have the requested documents, or object to the request. I will grant defendants' motion and order the Hermanns to produce the records sought by defendants. Because the Hermanns are litigating this case pro se, I will give them another chance to object to particular requests, but their task should not be difficult. They must make available to defendants documents that help to explain their claims. If the Hermanns miss the new deadline set below, or produce incomplete responses, I will consider dismissing the case for their failure to prosecute it.

Defendants again move for reasonable expenses incurred in making their motion, including attorney's fees. This time I will grant the motion, and direct defendants to submit an itemized accounting of their reasonable expenses. Given the relative simplicity of the discovery dispute here, a request for anything more than a minor amount should be explained in detail. The Hermanns will be given a chance to object.

ORDER

IT IS ORDERED that:

1. Defendants' second motion to compel discovery, Dkt. 69, is GRANTED. Plaintiffs Timothy Louis Hermann and Karen Elaine Hermann may have until April 27, 2018,

to file responses to defendants' requests for product of documents that comply with the Federal Rules of Civil Procedure.

2. Defendants' motion for reasonable expenses incurred in filing their motion to compel, Dkt. 69, is GRANTED. Defendants may have until April 20, 2018, to submit an itemized accounting of their reasonable expenses. Plaintiffs may have until May 4, 2018, to file any objections.

Entered April 6, 2018.

>BY THE COURT:
>
>/s/
>
>_____
>JAMES D. PETERSON
>District Judge